UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>            Plaintiff,<br><br>     v.<br><br>HERMINA MARLEY, et al.,<br><br>            Defendants. | Case No.  1:23-cv-00149-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF CERTAIN CLAIMS<br><br>(Doc. No.  10)<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANTS |

Plaintiff Cornel Jackson, a state prisoner, is proceeding pro se in this action filed under 42 U.S.C. § 1983.  On January 16, 2024, this Court issued a screening order on Plaintiff's First Amended Complaint ("FAC").  (Doc. No. 9).  As discussed in the Court's screening order, the Court found the FAC states cognizable claims against Defendants Quick, Marley, Followill, Ramos, Cortes, and Rivera in their individual capacities for First Amendment retaliation, First Amendment right to communication with counsel, Sixth Amendment right to assistance of counsel, and Fourteenth Amendment right to equal protection under the law.  (*Id*. at 1-2).  The Screening Order afforded Plaintiff the opportunity to either (1) file a notice under Rule 41 and

1   Federal Rule of Civil Procedure 15 that he is willing to proceed only on the claims the court
2   found cognizable in its screening order; or (2) stand on his FAC subject to the undersigned
3   issuing Findings and Recommendations to dismiss the claims not deemed cognizable.  (*Id*. at 17-
4   18).

5         On January 29, 2024, Plaintiff filed a Notice to Stand on the First Amended Complaint
6   and Voluntarily Dismiss Defendants and Noncognizable Claims.  (Doc. No. 10).  In his signed
7   and dated Notice, Plaintiff states, "for the reasons described in the magistrates [sic] screening
8   order, [Plaintiff] is going to stand on his First Amended Complaint and voluntarily dismiss
9   Defendants and noncognizable claims, in order to start litigation."  (*Id*. at 2).

10        A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing
11  a notice of dismissal before the opposing party answers the complaint or moves for summary
12  judgment.  Fed. R. Civ. P. 41 (a)(1)(A)(i).  Here, no party has answered or moved for summary
13  judgment.  (*See* docket).  Further, the Ninth Circuit recognizes a party has an absolute right prior
14  to an answer or motion for summary judgment to dismiss fewer than all named defendants or
15  claims without a court order.  *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).
16  Alternatively, the Court construes Plaintiff's Notice as a motion to amend the Complaint under
17  Federal Rule of Civil Procedure 15(a).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d
18  683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when party is eliminating an
19  issue or one or more claims but not completely dismissing a defendant).

20        In accordance with Plaintiff's Notice, Plaintiff's FAC will proceed only on his claims
21  against Defendants Quick, Marley, Followill, Ramos, Cortes, and Rivera for (1) First Amendment
22  retaliation, (2) First Amendment right to communication with counsel, (3) Sixth Amendment
23  right to assistance of counsel, and (4) Fourteenth Amendment right to equal protection under the
24  law.  (*See* Doc. No. 8).  Defendants County of Madera and Pogue Esteves, and Plaintiff's
25  remaining claims not deemed cognizable are dismissed under Rule 41.

26        Accordingly, it is **ORDERED**:
27        1. The Clerk of Court shall correct the docket to add Sgt. J. Quick as a named Defendant
28            and terminate Defendants Esteves and County of Madera to reflect Plaintiff's notice of

voluntary dismissal under Rule 41(a)(1) of these same Defendants.

2. The Court will direct service upon Defendants Quick, Marley, Followill, Ramos, Cortes, and Rivera by separate order.

Dated:     February 15, 2024

*signature*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE