UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>H. MARLEY, et al.,<br><br>        Defendants. | Case No. 1:23-cv-00149-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 16, 22) |

    Plaintiff Cornel Jackson initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 while a pretrial detainee in the Madera County Jail. Doc. 1. Plaintiff is proceeding pro se and in forma pauperis on his first amended complaint ("FAC"). The Court screened the FAC and found that plaintiff stated cognizable claims for (1) retaliation in violation of the First Amendment, (2) violation of the Sixth Amendment right to assistance of counsel, (3) violation of his substantive First Amendment rights, and (4) violation of the Fourteenth Amendment's Equal Protection Clause. Doc. 9. The screening order provided plaintiff with two options: (1) stand on his FAC as screened and dismiss certain claims and defendants for the reasons stated in the screening order, or (2) stand on the FAC subject to the magistrate judge recommending that certain claims and defendants be dismissed. *Id.* at 17-18. On January 29, 2024, plaintiff filed a notice indicating that, for the reasons described in the screening order, plaintiff would stand on his FAC, proceed on the claims found cognizable in the screening order,

1 and dismiss defendants and claims found non-cognizable. Doc. 10.

2 On July 16, 2024, defendants Marley, Followill, Rivera, Ramos, and Cortes filed a motion
3 to dismiss.[1] Doc. 16. The matter was referred to a United States magistrate judge pursuant to 28
4 U.S.C. § 636(b)(1)(B) and Local Rule 302.

5 On November 26, 2024, the assigned magistrate judge issued findings and
6 recommendations to grant in part and deny in part defendants' motion to dismiss. Doc. 22.
7 Specifically, the magistrate judge recommended that: (1) the First Amendment retaliation claim
8 proceed against defendants Quick, Ramos, Marley and Followill, but be dismissed as to
9 defendants Rivera and Cortes; (2) the Sixth Amendment assistance of counsel claim be dismissed;
10 (3) the First Amendment communication with counsel/access to courts claim proceed against all
11 defendants; (4) the Fourteenth Amendment equal protection claim be dismissed; (5) that
12 plaintiff's Sixth and Fourteenth Amendment claims be dismissed for the further reason that
13 defendants are entitled to qualified immunity on those claims; and (6) no further leave to amend
14 be granted. *Id.*

15 Plaintiff and defendants filed objections to the findings and recommendations. Docs. 24,
16 25. In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this
17 case. Plaintiff raises three objections to the findings and recommendations. First, plaintiff
18 objects to the dismissal of his Sixth Amendment claim, arguing that defendants infringed on his
19 right to the effective assistance of counsel in his pending criminal case. Doc. 25 at 2-3.
20 However, as the findings and recommendations correct observe, plaintiff's Sixth Amendment
21 claim based on alleged ineffective assistance of counsel in plaintiff's pending criminal case
22 cannot be addressed in this court at this stage of plaintiff's criminal proceedings and must be
23 brought, if at all, in plaintiff's state criminal case or in subsequent habeas corpus proceedings.
24 *See* Doc. 22 at 12. Second, plaintiff objects to the dismissal of this Fourteenth Amendment claim,
25 arguing that he was singled out and treated differently than other similarly situated inmates. Doc.

---

[1] The motion to dismiss does not name Quick as a moving defendant. *See* Docs. 16-16-3. However, Quick is named as a defendant in the reply and joins the other defendants in objecting to the findings and recommendations. Docs. 18, 24.

25 at 3. However, plaintiff fails to identify any error in the reasoning of the findings and recommendations. Third, plaintiff argues that the FAC sufficiently establishes a causal connection between defendants Cortes and Rivera's conduct and alleged retaliation, because Cortes and Rivera were present when the Marshals served defendants Marley, Followill, Ramos, and Quick with the prior lawsuit filed by plaintiff. *Id.* at 4-5. However, this new allegation is vague and insufficient to state a claim for retaliation by Cortes and Rivera.

Defendants raise two objections to the findings and recommendations. First, they assert that the magistrate judge applied the incorrect standard to plaintiff's substantive First Amendment claim. Doc. 24 at 1-2. Second, defendants argue that the complaint does not state sufficient allegations to sustain a First Amendment retaliation claim. *Id.* at 2.

First, defendants argue that the findings and recommendations utilize the incorrect legal standard for plaintiff's First Amendment claim. *Id.* at 2–4. Defendants do not argue that plaintiff's claim would fail under the standard applied in the findings and recommendations; instead, they point to the magistrate judge's January 16, 2024 Screening Order, which found that the plaintiff's First Amendment claim could proceed on a right to communication with counsel theory, but not on an access to courts theory because a criminal defendant's right to access the courts is satisfied by appointment of defense counsel. Doc. 24 at 3; Doc. 9 at 7-9. However, the findings and recommendations subsequently correctly analyzed the allegations of the FAC and found that plaintiff stated a First Amendment claim "premised on the right to access the courts." Doc. 22 at 14. In the FAC, plaintiff alleges that defendants improperly denied him contact visits with his counsel. Doc. 8 at 3-8. The findings and recommendations correctly note that the right to access the courts guarantees pre-trial detainees the right to communicate privately with defense counsel and to contact visits. Doc. 22 at 13. The "right of access to the courts includes contact visitation with his counsel." *Ching v. Lewis*, 895 F.2d 608, 610 (9th Cir. 1990). And an infringement on a prisoner's constitutional right must be reasonably related to legitimate penological interest. *Casey v. Lewis*, 4 F.3d 1516, 1520 (9th Cir. 1993).

The findings and recommendations thus applied the correct standard for evaluating plaintiff's First Amendment claim related to the denial of contact visits with his counsel. They

3

1 also correctly find that the FAC sufficiently alleges facts to support such a First Amendment right
2 of access to the courts claim.  Defendants argue that, based on the screening order and plaintiff's
3 subsequent filing agreeing to proceed on the claims as screened, the First Amendment access to
4 the courts theory is no longer at issue in this action.  Doc. 24 at 2-3.  However, the screening
5 order permitted plaintiff's First Amendment claim to proceed, albeit based on a right to
6 communication of counsel theory.  On further consideration, the magistrate judge concluded in
7 the findings and recommendations, correctly, that the First Amendment claim did in fact
8 implicate plaintiff's right to access the courts.  Doc. 20.  The Court has the discretion to revise its
9 interlocutory orders.  *See* Fed. R. Civ. P. 54(b).   Given the nuances of the First Amendment
10 analysis, and plaintiff's pro se status, the Court does not construe plaintiff's response to the
11 screening order, Doc. 10, as voluntarily dismissing one of the two theories (the right to access the
12 courts theory) on his First Amendment claim, where the screening order allowed a First
13 Amendment claim to proceed.  Further, this case is in the pleading stage and defendants have not
14 shown any prejudice if this action proceeds on the correct legal standard for evaluating plaintiff's
15 allegations on his First Amendment claim.

16 Defendants also contend that the magistrate judge wrongly denied their motion to dismiss
17 plaintiff's First Amendment retaliation claim, arguing that plaintiff failed to allege facts
18 supporting an inference of retaliatory motive.  Doc. 24 at 4-5.  Defendants' reliance on *Quiroz v.*
19 *Horel*, 85 F. Supp. 3d 1115 (N.D. Cal. 2015), is unpersuasive.  *Quiroz* is distinguishable as it
20 involved a motion for summary judgment where the court analyzed whether the plaintiff had
21 proffered sufficient evidence to create a triable issue as to the defendants' retaliatory motive.  In
22 *Quiroz*, the plaintiff failed to present evidence that the defendants knew about the plaintiff's
23 protected conduct, whereas here the findings and recommendations correctly observe that it can
24 be inferred that some of the defendants knew about the protected conduct given that several of the
25 defendants are named in an earlier federal lawsuit.  *Id.* at 1130–31.  Additionally, the *Quiroz*
26 defendants were not the subjects of plaintiff's protected conduct (as they are here), and the *Quiroz*
27 defendants' allegedly retaliatory actions had the legitimate penological objective of preventing
28 gang activity, whereas here defendants have not established such legitimate objectives.  *Id.* at

4

1130-31.  Here, the magistrate judge correctly found that plaintiff alleged sufficient facts for his First Amendment retaliation claim to survive the motion to dismiss, including because defendants' alleged retaliatory conduct was in close temporal proximity to plaintiff's protected conduct, it could be inferred that defendants Quick, Ramos, Marley and Followill knew about plaintiff's protected conduct, and defendants in this case were the subject of plaintiff's prior allegations.

        Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

        Accordingly:

1. The findings and recommendations, filed on November 26, 2024, Doc. 22, are ADOPTED IN FULL;
2. Defendants' motion to dismiss, Doc. 16, is GRANTED IN PART and DENIED IN PART.  Defendants' motion to dismiss is GRANTED with respect to plaintiff's First Amendment retaliation claim as to defendants Cortes and Rivera, plaintiff's Sixth Amendment right to counsel claim, and plaintiff's Fourteenth Amendment Equal Protection Claim.
3. Defendants' Motion to Dismiss, Doc. 16, is DENIED with respect to plaintiff's First Amendment right to counsel/access to courts claim and his First Amendment retaliation claim as to defendants Quick, Ramos, Marley, and Followill.
4. The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

    Dated:   October 12, 2025

UNITED STATES DISTRICT JUDGE